UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DELICIA JOHNSON CARTER,                         CIVIL ACTION
both individually and o/b/o DIRO-NEKA
RO-SHEANA JOHNSON

VERSUS                                          NO. 13-105

CITY OF THIBODAUX POLICE DEPT.                  SECTION "C" (5)
through the CITY OF THIBODAUX, ET AL.

ORDER AND REASONS

This matter comes to the Court on the motion to dismiss of defendants Scott Silverii, Clinton Dempster, Shawn Snow, and the unknown city of Thibodaux Police Officers for insufficient service of process. Rec. Doc. 23. Defendants' motion argues that service upon them was not sufficient because the complaint and summons were hand delivered to the receptionist at the Thibodaux Police Department. In their memorandum in support, defendant's urge the Court to both annul the default entered against them [Rec. Doc. 16] and further to dismiss the plaintiffs' cause of action with prejudice. The plaintiffs counter that service was proper based upon their attorney's experience representing and summonsing individual Thibodeaux Police Officers. They also argue that the officers' motion is barred by the Clerk of Court's entry of default against the defendants and by the defendants' failure to raise insufficient service of

process as a defense in their responsive pleading. Having considered the record, the law, the motion, and the opposition, the Court sets aside the default entered but denies dismissal for the following reasons.

**I. Default**

The entry of default by the Clerk of Court is the first step of a two-step process to securing default judgment against an uncooperative defendant. It only requires that the plaintiff show by affidavit or otherwise that the defendant has failed to plead or defend against the claim. Fed. R. Civ. P. 55(A). Upon such showing, the Clerk of Court enters a notation of the party's default on the record; the entry is intermediate and ministerial. *See, e.g., United States v. Hansen*, 795 F.2d 35, 37 (1986) (entry of default is "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry"). After this entry, the plaintiff may move either the Clerk or the Court itself for default judgment, depending on the nature and specificity of the remedy requested in the complaint. Fed. R. Civ. P. 55(B).

As a technical matter, a party in default must successfully petition the Court to set aside the default before proceeding to respond the allegations of a complaint. *See* Fed. R. Civ. P. 55(c); *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on

appeal the facts thus established."). Nevertheless, the defendants may move the Court to both set aside their default and dismiss the complaint against them in the same motion. The defendants' allegations of improper service of process do not call into question any of the complaint's well-pleaded allegations. Waiver does not result from failure to move before the default is entered. *Berlanti Const. Co. v. Republic of Cuba*, 190 F. Supp. 126, 129 (S.D.N.Y. 1960). Sufficiency of service of process bears on validity of personal jurisdiction, and as such, the validity of the default entered, in addition to the validity of continued proceedings against the defendant. *See Auster Oil & Gas, Inc. v. Stream*, 891 F.2d 570, 581 (5th Cir.1990) (Garwood, J., concurring) ("For one to be bound by a judgment in a suit to which it was not a party and of which it had no notice is, to say the least, unusual, if not unconstitutional."); *Miner v. Punch*, 838 F.2d 1407, 1410 (5th Cir.1988) ("There being no valid service of process, the default judgment against *Proprietors* is an absolute nullity and must be vacated."); *Recreational Properties, Inc. v. Southwest Mortgage Service Corp.*, 804 F.2d 311, 314 (5th Cir.1986) ("If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside."); *see also Aetna Business Credit v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434 (5th Cir. Unit A Jan. 1981) ("In the absence of valid service of process, proceedings against a party are void"). That the motion is styled and captioned as a 12(b)(5) motion to dismiss is no impediment to the Court's

3

consideration of the manner of service as grounds for the relief prayed. *See United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) ("interpreting [defendant's] motion for leave to file a sworn claim as a motion to set aside an entry of default under Fed.R.Civ.P. 55"); *In re Maqouirk*, 693 F.2d 948, 951 (9th Cir. 1982) (motion for extension of time to file complaint in bankruptcy compared to motion to set aside default judgment); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (opposition to motion for a default judgment treated as a motion to set aside entry of default despite absence of a formal motion). Therefore, the defendants' motion is properly before the Court.

**II. Waiver**

Although the defense of insufficient service of process is jurisdictional, it is waivable, either by failure to comply with the provisions of Fed. R. Civ. P. 12(h)(1) or by other actions amounting to waiver. *See Kersh v. Derozier*, 851 F.2d 1509, 1511 (5th Cir. 1988) (citing *Gluklick v. United States*, 801 F.2d 834 (6th Cir. 1986)). Under Rule 12(h)(1), a party automatically waives a defense based on insufficient service of process if the defense is not included in a responsive pleading or a motion to dismiss filed before the responsive pleading. *Ellibee v. Leonard*, 226 F. App'x 351, 358 (5th Cir. 2007). "The purpose of the Rule 12(h)(1) automatic waiver provision is to encourage the consolidation of motions and discourage the dilatory device of making them in a series." *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996) (citing 5A Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1387). When a 12(b) motion to dismiss and an answer are filed simultaneously, however, courts generally view the motion as having preceded the answer and thus been timely filed. *E.g., Beary v. West Publ'g Co.*, 763 F.2d 66, 68 (2d Cir.1985); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1361, at 92 -93 & n.6 (3d ed. 2004) (collecting cases).

In the present case, all defendants filed the same answer, which did not raise the defense of insufficient service of process, 18 minutes before the individual defendants moved to dismiss for insufficient service of process. Rec. Docs. 18, 19. Nevertheless, it is appropriate to view the motion to dismiss as having been filed before the answer, thus preserving the individual defendants' right to challenge improper service.

Electronic filing was required for both the answer and the motion. Therefore, the defendants could not have made an actual simultaneous filing, as it appears was there intention. Further, because all defendants are in default, they are limited to filing a *proposed* answer on the merits. *Jefferson v. Louisiana Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). Unless and until default is set aside, the defendants cannot be deemed to have answered the plaintiff's petition. The only filing properly before the Court at this juncture is the defendants' 12(b)(5) motion because it can result in the court setting aside the default. For these reasons, the Court finds no waiver under

Rule 12(h)(1).

### III. Merits

Examining the proof service filed into the record, service of process made in this case was plainly insufficient under Rule 4. Each returned summons indicates that it was delivered to an individual defendant "personally" by "delivery to the duty officer of the Thibodaux Police Department." Rec. Docs. 5-2, 5-3, & 5-4. The persons handed the summons and complaint were not in fact the defendants named. Therefore, this does not constitute personal service.

The plaintiff argues that service was proper because the Police Department has a continuous and unbroken practice of accepting service for its officers both in their professional and individual capacities through the duty officer at headquarters. Rec. Doc. 33-1. The officers in turn have generally responded to process thus served. *Id.* Service upon an agent is only satisfactory if the agent is "authorized by law or by appointment" to receive it. Fed. R. Civ. P. 4(e)(2). Although several authorities agree that authorization by appointment may be "implied in fact," *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997), the courts of the Fifth Circuit do not count themselves among them. *See, e.g., O'Meara v. New Orleans Legal Assistance Corp.*, 90-4893, 1991 WL 110401 (E.D. La. June 10, 1991) ("to establish such an agency relationship the individual sought to be served must have actually authorized another to accept service

of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service."). The cases in which implied or apparent agency to accept service has been found to exist have primarily involved attorneys. *See Ziegler*, 111 F.3d at 881-82. By contrast, authorities have flatly rejected the idea that a liaison officer is an authorized agent for service for a sheriff's deputy sued in his individual capacity. *Melton v. Wiley*, 262 F. App'x 921, 923 (11th Cir. 2008).

Even assuming, as the plaintiff urges, that Thibodaux Police Officers have generally designated the duty officer or receptionist as agents for accepting service, this information would be insufficient to establish an implied or apparent agency relationship because it does not pertain to these defendants in particular. Restatement (Second) of Agency § 8 (1958) ("Apparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons." (emphasis added)). Lastly, a subpoena to appear in a criminal courtroom and testify in one's professional capacity is distinguishable from a summons and complaint to appear and defend a claim in one's individual capacity, in terms of one's desire to be served at his place of employment. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("Rule 4 has generally been construed to mean that service at a defendant's

place of employment is insufficient [when he is sued in his individual capacity].").

In short, the circumstances surrounding the attempt at service yield insufficient evidence that "the defendant[s] intended to confer [Rule 4(e)(2)] authority upon" the duty officer. 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1097, at 54 (3d ed. 2002). Therefore, service was improper, and the individual defendants' are due an appropriate remedy.

**IV. Relief**

The lack of adequate service on the individual defendants warrants setting aside the order of default entered against them. Fed. R. Civ. P. 55(c). However, these facts do not warrant dismissal of the plaintiffs' complaint either with or without prejudice. Under Rule 4(m), the district court may, but need not, dismiss a cause of action if proper service has not been made within 120 days of the filing of the complaint. If there is "good cause" for the failure the court must allow the plaintiff additional time to make service. However, "[e]ven if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *see also Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 352 (E.D. La. 2011) ("The Court has the power to construe a motion to dismiss pursuant to Rule 12(b)(5) as a motion to quash service.").

In this case, the individual defendants do not appear to have suffered any

prejudice to their ability to defend this suit as a result of the defective attempt at service. They appeared in the case at the same time, through the same counsel, and with the same responsive pleading as the municipal defendant.

Moreover, as the prescriptive period for the plaintiffs' cause has run, dismissal of the suit would prevent resolution of this matter on the merits. Typically, this fact cuts in favor of dismissal, when good cause for delay in proper service is lacking. However, the equities are not as clear cut in this case. Whether or not plaintiffs had "good cause" for serving the individual defendants at their place of work, counsel's affidavit shows that this was done in good faith, based on counsel's past experiences representing officers. Rec. Doc. 33-1; *see* 5B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1354, at 351 (3d ed. 2004) (noting denial of motions to dismiss "when there has been substantial compliance with Rule 4, the mistake was innocent, and the defendant was not prejudiced."). For those reasons, the Court will extend the time for service for 30 days from the filing of this order, requiring proof of service to be filed into the record on the next business day. If those conditions are not met, the complaint will be dismissed as to the individual defendants.

Accordingly,

IT IS ORDERED that the individual defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) is hereby GRANTED IN PART and DENIED IN PART. Rec. Doc.

23. The order of default entered against defendants Scott Silverii, Clinton Dempster, and Shawn Snow in their individual capacities is hereby SET ASIDE. Rec. Doc. 16.

    IT IS FURTHER ORDERED that the plaintiffs shall properly serve Defendants Silverii, Dempster, and Snow in their individual capacities no later than November 15, 2013, and file into the record proof of service on the next business day. If they fail to do either, the above-captioned matter will be dismissed as to those defendants with prejudice.

    New Orleans, Louisiana, this 15th day of October, 2013.

                                                         HELEN G. BERRIGAN
                                                         UNITED STATES DISTRICT JUDGE