UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELICIA JOHNSON CARTER,** both individually and o/b/o **DIRO-NEKA RO-SHEANA JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-105** |
| **CITY OF THIBODAUX POLICE DEPT.** through the **CITY OF THIBODAUX, ET AL.** | **SECTION "C" (5)** |

## ORDER AND REASONS

Before the Court is City of Thibodaux Police Department's ["TPD's"] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6). Rec. Doc. 24. Having considered, the law, the record, the motion, and the plaintiffs' opposition, the Court denies the motion but orders the plaintiffs to amend their complaint for the following reasons.

Rule 12 requires dismissal of a complaint when it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, (2007). When reviewing a motion to dismiss, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiffs. *In re*

1

*Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A motion to dismiss for failure to state a claim should be granted whenever there are clear and insurmountable legal barriers to recovery. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

TPD argues that, as an entity lacking capacity for suit, it is improperly named in the plaintiffs' complaint, and thus, the plaintiffs' cause of action must be dismissed against it. The capacity of an entity to sue and be sued in federal court is governed by state law. Fed. R. Civ. P. 17(b). Under Louisiana law, juridical personality is required for an entity like TPD to have the procedural capacity to sue. *In re O'Connor*, 258 F.3d 392, 403 (5th Cir. 2001); *City Council of City of Lafayette v. Bowen*, 94-584 (La. App. 3 Cir. 11/2/94), 649 So. 2d 611, 614; *Dejoie v. Medley*, 41,333 (La. App. 2 Cir. 12/20/06), 945 So. 2d 968, 972. A juridical person is an entity to which the law attributes personality. La. Civ. Code art. 24. Although in Louisiana, local government agencies can develop independent capacity for suit through the exercise of independent, plenary authority in a certain arena, *see Roberts v. Sewerage & Water Bd. of New Orleans*, 634 So. 2d 341, 346-47 (La. 1994), law enforcement agencies have uniformly failed to satisfy this standard. *See Winn v. New Orleans City*, 919 F. Supp. 2d 743, 750 (E.D. La. 2013) ("In fact, courts in this District have consistently found that the NOPD lacks juridical capacity."); *Valentine v. Bonneville Ins. Co.*, 96-1382 (La. 3/17/97), 691 So. 2d 665, 668 ("The law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can

2

sue or be sued, such status being reserved for the Sheriff.").

The plaintiffs agree that TPD lacks capacity for suit but argue that they correctly named the City of Thibodaux, rather than TPD, as a defendant in this lawsuit. The caption on the complaint names TPD "through the City of Thibodaux." This would tend to indicate that TPD is the actual defendant. However, the complaint itself, in describing the parties, only lists the City of Thibodaux. Mayor Tommy Eschette has entered an appearance in this case as the Chief Officer of the City of Thibodaux, service of the complaint and summons having been made upon him personally. *See* Rec. Doc. 5-1.

A court may look to the body of a complaint to clarify ambiguities created in the caption as to the identity of the parties. *See Abecassis v. Wyatt*, 902 F. Supp. 2d 881, 911 (S.D. Tex. 2012) ("Although the caption may serve as a guide, courts look to the body of the complaint to determine the parties."); *Deaville v. Capital One Bank*, 425 F. Supp. 2d 744, 750 (W.D. La. 2006) ("[A] defective caption is not a fatal defect."); *Tyrolf v. Veterans Admin.*, 82 F.R.D. 372, 375 (E.D. La. 1979) (United States properly joined as a party because "the body of the complaint named the United States as a party defendant."); *see also Jones v. State of La. Through Bd. of Trustees for State Colleges & Universities*, 764 F.2d 1183, 1185 (5th Cir. 1985) ("An initial complaint must be construed liberally. . . . Mere technical defects in a pleading do not provide a basis for dismissal.").

As a leading treatise has stated:

3

> . . . [T]he caption is not determinative as to the identity of the parties to the action . . . . A very common defect in the caption is a misnomer regarding a party or an erroneous designation of the capacity in which a party is suing or being sued, or the identification of something that is not a legal entity.
> If the body of the complaint correctly identifies the party being sued or if the proper person has actually been served with the summons and the complaint, federal courts generally will allow amendment under Rule 15 to correct technical defects in the caption when that is thought necessary.

5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1321, at 388-93 (3d ed. 2012).

The body of the complaint clearly identifies the City of Thibodaux as a defendant, and omits altogether the TPD. The caption, though confusing, makes reference to the City defendant. The City has appeared and been served. Therefore, no dismissal is warranted, even as to TPD because its was never made a party to this suit. However, the caption of the complaint and the record in this case must be updated to reflect this fact.

Accordingly,

IT IS ORDERED that defendant's motion to dismiss is DENIED.

IT IS FURTHER ORDERED that the plaintiffs shall amend the complaint to delete reference to the City of Thibodaux Police Department by October 28, 2013.

IT IS FURTHER ORDERED that the Clerk of Court shall delete the Thibodaux Police Department as a party in the record.

New Orleans, Louisiana, this 15th day of October, 2013.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　HELEN G. BERRIGAN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE