UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DELICIA JOHNSON CARTER,**      **CIVIL ACTION**
both individually and o/b/o DIRO-NEKA
RO-SHEANA JOHNSON

**VERSUS**      **NO. 13-105**

**CITY OF THIBODAUX POLICE DEPT.**      **SECTION "C" (5)**
through the CITY OF THIBODAUX, ET AL.

**ORDER AND REASONS**

Before the Court is a Motion by City of Thibodaux Police Department through the City of Thibodaux ("Defendant"), to Set Aside Clerk's Entry of Default. Rec. Doc. 36. Plaintiffs Delicia Johnson Carter and her daughter, Diro-Neka Rosheana Johnson, have not filed an opposition to the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that vacating the entry of default is appropriate.

**I. Background**

On January 20, 2013, Ms. Carter individually and on behalf of her daughter filed a complaint in federal court against the Defendant, as well as several individual members of the police department. Rec. Doc. 1, p. 1. On August 2, 2013, the clerk of court entered a default order against the Defendant. However, on October 15, 2013, this Court ruled that the Defendant, as a law enforcement agency, lacks capacity for suit. Doc. 25, p. 3. Defendant now moves to set aside that entry of default for good cause, arguing that the entity is incapable of being sued. Rec. Doc. 36-1, p. 7.

**II. Law and Analysis**

Federal Rule of Civil Procedure 55(c) provides that a district court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The three factors courts consider in determining whether good cause exists are (1) whether the default was willful; (2) whether setting it aside would

prejudice the adversary; and (3) whether a meritorious defense is presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 183-84 (5th Cir. 1992)). Additionally, a court may consider whether the defendant acted expeditiously to correct the default. *Lacy*, 227 F.3d at 292 (citing *Dierschke*, 975 F.2d at 184). Additionally, there is a strong policy in favor of decisions on the merits, and default judgments are disfavored. *Harper Macleod Solicitors*, 260 F.3d 389, 393 (5th Cir. 2001) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 892 (5th Cir. 1998)).

The Court takes no position on whether the Defendant's default was willful. However, it does not appear that setting aside the default at this stage of the litigation would prejudice the Plaintiffs in any way. Finally, the Defendant has pleaded several defense of potential merit in its proposed answer. *See* Rec. Doc. 40. Under these circumstances, the Court will order that the entry of default be set aside. *See Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) (on a motion to vacate entry of default judgment: "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits") (quoting 6 Moore's Federal Practice § 55.10(1) at 1829).

Accordingly, and for the reasons stated above,

IT IS ORDERED that City of Thibodaux Police Department through the City of Thibodaux's Motion to Set Aside Clerk's Entry of Default is hereby GRANTED. Rec. Doc. 36.

New Orleans, Louisiana, this 27th day of November, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE