UNITED STATES DISTRICT COURT
EASTERN DISTROCT OF LOUISIANA

| | |
|---|---|
| DELICIA JOHNSON CARTER,<br>both individual and o/b/o DIRO-NEKA<br>RO-SHEANA JOHNSON | CIVIL ACTION |
| v. | NO. 13-105 |
| CITY OF THIBODAUX POLICE DEPT.<br>through the CITY OF THIBODAUX, ET AL. | SECTION "C" |

**AMENDED ORDER AND REASONS**

Before the Court is a Motion for Summary Judgment by defendant, the City of Thibodaux ("the City"). Rec. Doc. 71-3. Plaintiffs have filed an untimely opposition against the motion. Rec. Doc. 74. Plaintiffs claim in their amended complaint that police officers for the City of Thibodaux entered their home without probable cause, performed an unlawful search, and caused plaintiffs to suffer physical injury, humiliation, and mental anguish. Rec. Doc. 38.

The City claims that it is the sole remaining defendant in this matter. Rec. Doc. 71-3 at 2. However, it is mistaken, as Tommy Eschette remains in his official capacity as the Chief Officer of the City of Thibodaux. Defendants have not moved for summary judgment on claims against Eschette. Nevertheless, the Court will interpret the instant motion as a motion to dismiss Eschette in his official capacity as well as the City of Thibodaux. The Supreme Court has stated that an

1

official-capacity suit generally represents "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*.

The Court finds that the motion should be granted, and the action dismissed with prejudice. The City argues that plaintiffs have not presented any evidence that the alleged deprivation of their constitutional rights was caused by a custom or policy of the City. Rec. Doc. 71-2. An action for municipal liability requires that a §1983 plaintiff show: (1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Valle v. City of Houston,* 613 F.3d 536, 541-42 (5th Cir. 2010). Plaintiffs have presented no evidence to meet the required elements to bring a claim for municipal liability. In their opposition to the motion, they argue that "the pleadings are sufficient for plaintiff to have an opportunity to demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injuries alleged by the Plaintiffs." Rec. Doc. 74 at 2. Plaintiffs also object that "the mere filing of documents under Rule 56 does not automatically entitle a party to relief." *Id*. at 1. However, the Supreme Court has clarified that there is:

> no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. . . [R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. . .

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The Supreme Court further stated that when the nonmoving party will bear the burden of proof at trial, the nonmoving party must "go

beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is no genuine issue for trial." *Id*. The Court finds that plaintiffs, who bear the burden of proving their claim by a preponderance of evidence, have not gone beyond their pleadings to show any factual support for their claims.

Accordingly, IT IS ORDERED that the previous Order and Reasons (Rec. Doc. 82) is vacated. Defendants' motion for summary judgment is GRANTED and the claims against the City of Thibodaux and Tommy Eschette are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 22nd day of June, 2015.

UNITED STATES DISTRICT JUDGE